UNITED STATES v. TYE.

(District Court, D. Oregon. October 21, 1895.)

No. 4,008.

CHINESE—CERTIFICATE OF RESIDENCE—ARREST AND TRIAL—COSTS.

Section 6 of the act of May 5, 1892, permits a Chinese laborer arrested without a certificate of residence to show that he was entitled to such certificate, but was prevented, by reason of accident, sickness, or other unavoidable cause, from procuring it; and declares that, on proper proof thereof, a certificate shall be granted to him "upon his paying the cost." *Held*, that this does not mean the costs of his arrest and trial, and that he is entitled to such certificate without paying such costs.

This was a proceeding to procure the deportation of Charlie Tye, a Chinaman, who was arrested in the United States without having in his possession a certificate of his residence, as required by Act May 5, 1892.

Daniel R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty.

Chester Dolph, for defendant.

BELLINGER, District Judge. Section 6, of the act of May 5, 1892, to prohibit the coming of Chinese persons into the United States (27 Stat. 25), provides that:

"Any Chinese laborer, within the limits of the United States, who shall neglect, fail, or refuse to comply with the provisions of this act [with reference to registration], or who, after one year from the passage hereof, shall be found within the jurisdiction of the United States without such certificate of residence, shall be deemed and adjudged to be unlawfully within the United States, and may be arrested, by any United States customs official, collector of internal revenue or his deputies, United States marshal or his deputies, and taken before a United States judge, whose duty it shall be to order that he be deported from the United States as hereinbefore provided, unless he shall establish clearly to the satisfaction of said judge, that by reason of accident, sickness or other unavoidable cause, he has been unable to procure his certificate, and to the satisfaction of the court, and by at least one credible white witness, that he was a resident of the United States at the time of the passage of this act; and if upon the hearing, it shall appear that he is so entitled to a certificate, it shall be granted upon his paying the cost. Should it appear that said Chinaman had procured a certificate which has been lost or destroyed, he shall be detained and judgment suspended a reasonable time to enable him to procure a duplicate from the officer granting it, and in such cases the cost of said arrest and trial shall be in the discretion of the court. And any Chinese person other than a Chinese laborer, having a right to be and remain in the United States, desiring such certificate as evidence of such right, may apply for and receive the same without charge."

The court is called upon to construe the phrase "upon his paying the cost," which is prescribed as a condition upon which a certificate shall be granted to a Chinese person who has been arrested for failure to register, and who shall show, in the manner provided in said section, that he was prevented from complying with the provisions of

the act by reason of accident, sickness, or other unavoidable cause. It is contended on behalf of the government that the cost which such Chinaman is required to pay includes the costs of his arrest and trial; but the subsequent clause in the same section, which provides that, where a Chinaman has procured a certificate which has been lost or destroyed, judgment shall be suspended to enable him to procure a duplicate, and in such cases the cost of said arrest and trial shall be in the discretion of the court, shows that the word "cost" as used in the prior sentence does not mean the cost of arrest and trial. Where the act provided for the costs of arrest and trial, it has used the words "arrest and trial," leaving no ambiguity or room for doubt. Nor is there any reason why a Chinaman arrested for failure to register, and whose failure has been due to accident, sickness, or other unavoidable cause, and who is therefore without fault, should be placed in a more unfavorable position that one who may have lost his certificate through his own negligence or fault. The defendant is entitled to a certificate of registration without the payment of the costs of his arrest and trial.